**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASIF JAVAID | : | |
| 1 Hope View Court | : | |
| Newburgh, NY  12550, | : | NO. |
| | : | |
| | : | PROFESSIONAL LIABILITY ACTION |
| **Plaintiffs** | : | |
| | : | |
| ELLIOTT B. WEISS | : | CIVIL ACTION-LAW |
| 416 Pine Street, Suite 203 | : | |
| Williamsport, PA 17701 | : | |
| | : | |
| **Defendant** | : | |

**COMPLAINT**

**AND NOW COMES** Plaintiff, by and through Matthew J. Zeigler, his attorney, and files this Complaint based upon the averments which follow, to wit:

1. Your Plaintiff is Asif Javaid, an adult individual and resident of the State of New York, as above-captioned.

2. Your Defendant is Elliott Weiss, an adult individual and professionally licensed attorney, who conducts his practice in the Williamsport, Commonwealth of Pennsylvania.

3. This is a professional liability action.

4. Asif Javaid is a prior client of Elliott Weiss.

5. Plaintiff entered into an attorney/client relationship with Elliott Weiss vis-à-vis a written representation agreement, which is not attached hereto, but is in the custody, care and control of Elliott Weiss.

6. With relation to said written representation agreement, Elliott Weiss explicitly and implicitly agreed to provide competent legal services to said Plaintiff for all services which he was contracted to provide.

7. Elliott Weiss explicitly and implicitly agreed to provide competent legal services in a Mortgage Foreclosure matter filed in Lycoming County, Pennsylvania, and docketed at 06-01691 and later in a similar action on said Mortgage contract against the guarantor of said loan, Asif Javaid, docketed at 08-00224.

8. Elliott Weiss had in fact represented the same parties at the time the original loan was made, in or around April of 2002, and had reviewed all of the documentation related to said loan and had executed many of those documents.

9. At the time of the closing, in or around April of 2002, Elliott Weiss had failed to explain the existence or meaning of the Confession of Judgment clauses and had failed to explain to the Plaintiff that he was waiving the right to notice and a hearing with relation to a default under the mortgages.

10. As a result of a default by ARM HOSPITALITY on said loan, the lender confessed judgment against Asif Javaid in Lycoming County, at docket number 08-00224.

11. Elliott Weiss was engaged by the Plaintiff to Petition to Open and/or Strike Off the Judgment against Asif Javaid.

12. Elliott Weiss was aware that the relevant Adjustable Rate Promissory Note was captioned as having been made in New York, New York.

13. Elliott Weiss was further aware that the relevant note contained a CONFESSION OF JUDGMENT clause which was part and parcel of the relevant Adjustable Rate Promissory Note and not separated therefrom.

14. Elliott Weiss was not only aware of, but his attention had been explicitly directed to, language in the guaranty permitting a confession of judgment against Asif Javaid which stated "The validity, construction and enforceability of this Guaranty shall be governed by the internal laws of the State of New York without giving effect to conflict of laws principles thereof."

15. Elliott Weis was not only aware of, but his attention had been explicitly directed to, language in the guaranty which stated that "this Guaranty may be enforced in any federal court or New York State court sitting in New York."

16. Elliott Weiss was further aware that the relevant note contained a CONFESSION OF JUDGMENT clause which was part and parcel of the relevant Adjustable Rate Promissory Note and not separated therefrom.

17. Elliott Weiss was further aware that a General Assignment had been executed by the original lender assigning the note and mortgage to SPCP GROUP, LLC, and that said General Assignment indicated that it was to be construed in accordance with the internal laws of the State of New York.

18. As a result of all of these, Elliott Weiss was directed by Plaintiff to move to open and/or strike off the confessed judgment against Asif Javaid.

19. Elliott Weiss did represent to Plaintiff that he had in fact requested to open and/or strike off the confessed judgment against Asif Javaid based upon the Plaintiff not agreeing to the Confession of Judgment in a knowing, intelligent or voluntary manner and based upon the choice of law provisions of the contracts.

20. Elliott Weiss did in fact file a relevant petition – but with relation to said petition, Elliott Weiss failed to keep Plaintiff informed of the progress.

21. Elliott Weiss either failed to adequately raise the arguments which he was directed to argue or abandoned those arguments at some time during the litigation of the case.

22. Eventually, on November 10, 2009, the Superior Court of the Commonwealth of Pennsylvania filed a Memorandum opinion which affirmed a lower court ruling denying the former motion which was filed.

23. Nevertheless, attorney Elliott Weiss did not even provide this documentation to Defendant until Defendant's New York attorney, Kevin Foley, demanded it.

24. Elliott Weiss was instructed to appeal but did not.

25. Upon review of the Memorandum opinion, Plaintiff for the first time discovered that Elliott Weiss had misrepresented to him the arguments which had been raised or Elliott Weiss had abandoned the argument which he was directed to and had agreed to pursue.

26. In this instance, the fact that Plaintiff did not enter into the confession of judgment in a knowing, intelligent and voluntary manner and the fact that the guaranty was governed by New York law would have prohibited entry of judgment against the Plaintiff Asif Javaid or would have given him substantial rights which he was otherwise unable to exercise because of the acts or omissions of Defendant Elliott Weiss.

27. Particularly, a judgment in the amount of $865,910.53 plus cost was entered against Asif Javaid as a result of the acts or omissions of Defendant Elliott Weiss.

28. After litigation and reduction, a judgment was eventually entered in the State of New York upon the judgment entered in Pennsylvania in the amount of $366,008.79, with interest thereon from December 12, 2008.

## COUNT I

### LEGAL MALPRACTICE (ASSUMPSIT)

29. The preceding paragraphs are incorporated herein as if fully set forth at length.

30. Attorney Elliott Weiss implicitly and explicitly agreed to represent Plaintiff competently and to the best of his abilities, in accordance with the rules and standards governing attorneys in the Commonwealth of Pennsylvania.

31. The acts and omissions of Elliott Weiss constitute a breach of the contractual engagements between the parties because Attorney Weiss failed to represent Plaintiff competently and to the best of his abilities and failed to raise and/or pursue the arguments noted above, in violation of the rules and standards governing attorneys in the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Elliott Weiss for damages in excess of $75,000.00, being the diversity limits of this court, and further amounts as to be determined at trial, pre and post judgment interest and costs of suit.

## COUNT II

### LEGAL MALPRACTICE (TRESPASS)

32. The preceding paragraphs are incorporated herein as if fully set forth at length.

33. Attorney Elliott Weiss implicitly and explicitly agreed to represent Plaintiff competently and to the best of his abilities, in accordance with the rules and standards governing attorneys in the Commonwealth of Pennsylvania.

34. Attorney Weiss failed to exercise the degree of skill and knowledge which would normally be exercised by members of the legal profession under the same or similar circumstances.

35. The conduct of Attorney Weiss was negligent, willful, wanton and reckless and is the proximate cause of the damages suffered by Plaintiff.

36. Attorney Weiss's acts and omissions constitute a breach of the duties of care owed by Attorney Weiss to the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Elliott Weiss for damages in excess of $75,000.00, being the diversity limits of this court, and further amounts as to be determined at trial, pre and post judgment interest and costs of suit.

**Respectfully Submitted:**

**ZEIGLER LAW OFFICE**
Attorney for Debtor


  s/Matthew J. Zeigler
Matthew J. Zeigler
#83367

1525 Washington Blvd.
Williamsport, PA  17701
(570) 326 – 1831