# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASIF JAVAID, | : | |
| | : | |
| Plaintiff | : | Civil No. 4:11-CV-1084 |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| ELLIOTT B. WEISS, | : | |
| | : | |
| Defendant | : | |

**<u>MEMORANDUM ORDER</u>**

THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:

In this case, which he characterizes as "a professional liability action," (Doc. 20, Am. Compl., ¶ 3.), plaintiff Asif Javaid has sued Elliott B. Weiss, his former lawyer, alleging that Mr. Weiss is liable for legal malpractice under both tort and contract theories of liability relating to Mr. Weiss's representation of the plaintiff in a 2008 action in the Lycoming County Court of Common Pleas.

Plaintiff initiated the instant lawsuit on June 6, 2011. (Doc. 1.) The court subsequently entered an order granting defendant's motion to dismiss the complaint without prejudice to plaintiff filing an amended complaint to cure the deficiencies that had been identified. (Doc. 19.) On January 18, 2012, plaintiff filed an amended complaint. (Doc. 20.) Defendant moved to strike allegations and dismiss the

amended complaint on February 1, 2012. (Doc. 21.) In a memorandum opinion issued on August 30, 2012, the court denied the motion. (Doc. 33.)

On September 19, 2012, the defendant answered the amended complaint. (Doc. 34.) On September 28, 2012, the court issued a revised case management order, which enlarged the discovery period to January 7, 2013, and set a number of additional pre-trial deadlines prior to jury selection and trial scheduled to commence on May 13, 2013. (Doc. 35.)

At this point, the litigation appears to have devolved. On November 9, 2012, the plaintiff's counsel moved for leave to withdraw, citing personal illness. (Doc. 36.) In the motion, the plaintiff's counsel represented that he had endeavored to speak with the plaintiff and the plaintiff's New York counsel prior to seeking leave to withdraw, but was unable to get either to respond to his requests. (Id.) Upon consideration of the motion, we entered an order granting the plaintiff's counsel leave to withdraw, and we directed the plaintiff to inform the court on or before Tuesday, January 8, 2013, as to whether he had retained new counsel, or whether he intended to proceed pro se on his own behalf. (Doc. 37.) We also stayed the litigation until Tuesday, January 8, 2013, or further order of the court. (Id.)

Since the entry of this order, the plaintiff has not communicated with the court in any way, and has never responded to the court's order directing him to notify us

2

about whether he has engaged new counsel, or whether he will be prosecuting this action on his own. Likewise, counsel for the defendant has represented that she has received no notification from the plaintiff that he has retained or that he intends to retain new counsel. (Doc. 38.)

The defendant's counsel represents that she has served the plaintiff with interrogatories and document requests, but these have gone unanswered. (Id. ¶¶ 13-14.) Counsel represents that she followed up on these requests in written correspondence dated February 27, 2013, but she received no response. (Id. ¶¶ 14-15.) Finally, the defendant's counsel wrote a second letter to the plaintiff on March 8, 2013, to inquire into the status of the plaintiff's discovery responses, and representing that if the plaintiff did not respond, she would file a motion to compel. (Id. ¶ 16.)

In response to this letter, the defendant's counsel represents that on March 18, 2013, the plaintiff called her to discuss his efforts to find a new lawyer. (Id. ¶ 17.) Defendant's counsel agreed to allow the plaintiff until April 1, 2013, to furnish responses to the outstanding discovery requests, regardless of whether the plaintiff had retained new counsel. (Id.). To date, no counsel has entered an appearance on the plaintiff's behalf, and the plaintiff has not responded to the defendant's interrogatories or document requests.

The plaintiff's failure to prosecute this action, to identify new counsel or litigate on his own behalf, and his failure to respond to outstanding discovery that has been propounded upon him has now caused the defendant to move for an order compelling the plaintiff to respond, or suffer the imposition of sanctions upon further motion. (Doc. 38.)

Upon consideration of the motion, the extended dormancy of this litigation, and the failure of the plaintiff to comply with the court's orders and with discovery requests, we find it necessary to enter an order directing the plaintiff to show cause why the motion to compel should not be granted for his failure to respond to the unanswered discovery requests that have been served upon him. We will also schedule an in-person conference with defendant's counsel and the plaintiff in order to address the case-management of this action going forward.

Accordingly, IT IS HEREBY ORDERED THAT:

1. On or before **Friday, April 12, 2013**, the plaintiff shall SHOW CAUSE why the defendant's motion to compel him to respond to the outstanding discovery requests (Doc. 38.) should not be granted.

2. The court will convene an **in-person** case management conference in this action on **Monday, April 29, 2013, at 1:30 p.m.** The conference will be held at the United States Federal Courthouse, 228 Walnut Street, Harrisburg, Pennsylvania, 11th Floor, Courtroom No. 5. The plaintiff and counsel for the defendant shall appear in person for this conference.

4

3. The plaintiff is specifically placed on notice that failure to comply with the terms of this order may result in the imposition of sanctions including, without limitation, the dismissal of the plaintiff's claims.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge