# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASIF JAVAID, | : | |
| | : | |
| Plaintiff | : | Civil No. 4:11-CV-1084 |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| ELLIOTT B. WEISS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM ORDER

THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:

In this case, which he characterizes as "a professional liability action," (Doc. 20, Am. Compl., ¶ 3.), plaintiff Asif Javaid has sued Elliott B. Weiss, his former lawyer, alleging that Mr. Weiss is liable for legal malpractice under both tort and contract theories of liability relating to Mr. Weiss's representation of the plaintiff in a 2008 action in the Lycoming County Court of Common Pleas.

Plaintiff initiated the instant lawsuit on June 6, 2011. (Doc. 1.) The court subsequently entered an order granting defendant's motion to dismiss the complaint without prejudice to plaintiff filing an amended complaint to cure the deficiencies that had been identified. (Doc. 19.) On January 18, 2012, plaintiff filed an amended complaint. (Doc. 20.) Defendant moved to strike allegations and dismiss the

amended complaint on February 1, 2012. (Doc. 21.) In a memorandum opinion issued on August 30, 2012, the court denied the motion. (Doc. 33.)

On September 19, 2012, the defendant answered the amended complaint. (Doc. 34.) On September 28, 2012, the court issued a revised case management order, which enlarged the discovery period to January 7, 2013, and set a number of additional pre-trial deadlines prior to jury selection and trial scheduled to commence on May 13, 2013. (Doc. 35.)

At this point, the litigation appears to have devolved. On November 9, 2012, the plaintiff's counsel moved for leave to withdraw, citing personal illness. (Doc. 36.) In the motion, the plaintiff's counsel represented that he had endeavored to speak with the plaintiff and the plaintiff's New York counsel prior to seeking leave to withdraw, but was unable to get either to respond to his requests. (<u>Id.</u>) Upon consideration of the motion, we entered an order granting the plaintiff's counsel leave to withdraw, and we directed the plaintiff to inform the court on or before Tuesday, January 8, 2013, as to whether he had retained new counsel, or whether he intended to proceed pro se on his own behalf. (Doc. 37.) We also stayed the litigation until Tuesday, January 8, 2013, or further order of the court. (<u>Id.</u>)

From that time until April 12, 2013, the plaintiff failed to communicate with the court in any way, and never responded to the court's order directing him to notify

2

us about whether he has engaged new counsel, or whether he will be prosecuting this action on his own.

In an effort to keep this litigation moving forward in some fashion, the defendant's counsel served the plaintiff with interrogatories and document requests, but these have thus far gone unanswered. (Id. ¶¶ 13-14.) Counsel followed up on these requests in written correspondence dated February 27, 2013, but received no response from the plaintiff. (Id. ¶¶ 14-15.) Finally, the defendant's counsel wrote a second letter to the plaintiff on March 8, 2013, to inquire into the status of the plaintiff's discovery responses, and represented that if the plaintiff did not respond, she would file a motion to compel. (Id. ¶ 16.)

In response to this letter, the defendant's counsel represents that on March 18, 2013, the plaintiff called her to discuss his efforts to find a new lawyer. (Id. ¶ 17.) Defendant's counsel agreed to allow the plaintiff until April 1, 2013, to furnish responses to the outstanding discovery requests, regardless of whether the plaintiff had retained new counsel. (Id.). To date, no counsel has entered an appearance on the plaintiff's behalf, and the plaintiff has not responded to the defendant's interrogatories or document requests.

Thereafter, the plaintiff's failure to prosecute this action, to identify new counsel or litigate on his own behalf, and his failure to respond to outstanding

3

discovery that has been propounded upon him, caused the defendant to move for an order compelling the plaintiff to respond, or suffer the imposition of sanctions upon further motion. (Doc. 38.)

Upon consideration of the motion, the extended dormancy of this litigation, and the failure of the plaintiff to comply with the court's orders and with discovery requests, we entered an order directing the plaintiff to show cause on or before Friday, April 12, 2013, why the motion to compel should not be granted for his failure to respond to the unanswered discovery requests that have been served upon him. We also scheduled an in-person conference with defendant's counsel and the plaintiff in order to address the case-management of this action going forward. That conference is scheduled to be held on May 1, 2013, at 1:0 p.m.[1]

In response to this order, on May 12, 2013, the plaintiff filed a motion for extension of time to find counsel willing to represent him in this litigation, and for an extension of time to respond to the long outstanding interrogatories based on the plaintiff's representation that "most of these interrogatories are beyond the scope of [his] legal knowledge." (Doc. 42.) The defendant opposed the motion the same day. (Doc. 43.)

---

[1] The conference was originally scheduled to be held on Monday, April 29, 2013, at 1:30 p.m., but the date and time was subsequently changed at the request of defendant's counsel. (Doc. 41.)

Upon consideration, we will grant the plaintiff's motion, in part, and will direct that he furnish answers to the interrogatories by Tuesday, April 30, 2013, regardless of whether or not he has retained counsel. In this way, we will also be granting the defendant's pending motion to compel the plaintiff to respond. We have reviewed the interrogatories that the defendant has propounded upon the plaintiff – and which have gone unanswered for months – and find that they do not require specialized legal training to answer, as they seek straightforward factual information. The plaintiff will, therefore, be directed to answer the interrogatories in accordance with this order; although if the plaintiff is later able to find counsel to represent him, and if counsel requests leave to supplement the plaintiff's initial answers to the interrogatories, counsel will be permitted to seek such relief at that time.

To the extent the plaintiff is seeking to postpone the May 1, 2013, in-person conference scheduled in the case, his motion will be denied. This litigation has been languishing for months, and further delays are unwarranted and inappropriate. The May 1, 2013, conference will go forward as scheduled.

Accordingly, IT IS HEREBY ORDERED THAT the defendant's motion to compel (Doc. 38.) and the plaintiff's motion for an extension of time to retain counsel (Doc. 42.) are GRANTED in part and DENIED in part as follows:

1. On or before **Tuesday, April 30, 2013**, the plaintiff shall respond to the defendant's outstanding interrogatories. If the plaintiff subsequently retains counsel to represent him, such counsel may seek leave to supplement the interrogatory answers if they deem it necessary or appropriate to do so.

2. The **in-person** case-management conference scheduled to take place on **Wednesday, May 1, 2013, at 1:00 p.m.**, will go forward as previously scheduled . The conference will be held at the United States Federal Courthouse, 228 Walnut Street, Harrisburg, Pennsylvania, 11th Floor, Courtroom No. 5. The plaintiff and counsel for the defendant shall appear in person for this conference.

3. The plaintiff is specifically placed on notice that failure to comply with the terms of this order may result in the imposition of sanctions including, without limitation, the dismissal of the plaintiff's claims.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge