# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASIF JAVAID, | : | |
| | : | |
| Plaintiff | : | Civil No. 4:11-CV-1084 |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| ELLIOTT B. WEISS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM ORDER

## I. INTRODUCTION

Now pending before the Court is the plaintiff's motion to extend discovery deadlines in this action. (Doc. 47.) The motion, which was filed the day before an already enlarged discovery deadline was set to expire, demonstrates no good cause to extend the discovery period in this case. Moreover, the plaintiff's motion reveals that he has exhibited no diligence in attempting to move this case forward after having been granted a lengthy period of time to retain new counsel and to respond to discovery requests that have languished for months. Because we find no good cause to further prolong this discovery period, and because we are mindful that this litigation has now been pending for more than two years with little significant activity to move it forward, the plaintiff's motion will be denied.

## II. BACKGROUND

In this case, which he characterizes as "a professional liability action," (Doc. 20, Am. Compl., ¶ 3.), plaintiff Asif Javaid has sued Elliott B. Weiss, his former lawyer, alleging that Mr. Weiss is liable for legal malpractice under both tort and contract theories of liability relating to Mr. Weiss's representation of the plaintiff in a 2008 action in the Lycoming County Court of Common Pleas.

Plaintiff initiated the instant lawsuit more than two years ago, on June 6, 2011. (Doc. 1.) The Court subsequently entered an order granting defendant's motion to dismiss the complaint without prejudice to plaintiff filing an amended complaint to cure the deficiencies that had been identified. (Doc. 19.) On January 18, 2012, plaintiff filed an amended complaint. (Doc. 20.) Defendant moved to strike allegations and dismiss the amended complaint on February 1, 2012. (Doc. 21.) In a memorandum opinion issued on August 30, 2012, the Court denied the motion. (Doc. 33.)

On September 19, 2012, the defendant answered the amended complaint. (Doc. 34.) On September 28, 2012, the Court issued a revised case management order, which enlarged the discovery period to January 7, 2013, and set a number of additional pre-trial deadlines prior to jury selection and trial scheduled to commence on May 13, 2013. (Doc. 35.)

At this point, the litigation appears to have devolved, and it has remained in a period of dormancy ever since, despite the Court's and defendant's efforts to keep it moving. Thus, on November 9, 2012, the plaintiff's counsel moved for leave to withdraw, citing personal illness. (Doc. 36.) In the motion, the plaintiff's counsel represented that he had endeavored to speak with the plaintiff and the plaintiff's New York counsel prior to seeking leave to withdraw, but was unable to get either to respond to his requests. (Id.) Upon consideration of the motion, we entered an order granting the plaintiff's counsel leave to withdraw, and we directed the plaintiff to inform the Court on or before Tuesday, January 8, 2013, as to whether he had retained new counsel, or whether he intended to proceed *pro se* on his own behalf. (Doc. 37.) We also stayed the litigation until Tuesday, January 8, 2013, or further order of the Court. (Id.)

From that time until April 12, 2013, the plaintiff failed to communicate with the Court in any way, and never responded to the Court's order directing him to notify us about whether he has engaged new counsel, or whether he will be prosecuting this action on his own.

In an effort to keep this litigation moving forward in some fashion, the defendant's counsel served the plaintiff with interrogatories and document requests, but these went unanswered. (Doc. 38, ¶¶ 13-14.) Counsel followed up on these

requests in written correspondence dated February 27, 2013, but received no response from the plaintiff. (Id. ¶¶ 14-15.) Finally, the defendant's counsel wrote a second letter to the plaintiff on March 8, 2013, to inquire into the status of the plaintiff's discovery responses, and represented that if the plaintiff did not respond, she would file a motion to compel. (Id. ¶ 16.)

In response to this letter, the defendant's counsel represents that on March 18, 2013, the plaintiff called her to discuss his efforts to find a new lawyer. (Id. ¶ 17.) Defendant's counsel agreed to give the plaintiff until April 1, 2013, to furnish responses to the outstanding discovery requests, regardless of whether the plaintiff had retained new counsel. (Id.). To date, no counsel has entered an appearance on the plaintiff's behalf, and the plaintiff has not responded to the defendant's interrogatories or document requests.

Thereafter, the plaintiff's failure to prosecute this action, to identify new counsel or litigate on his own behalf, and his failure to respond to outstanding discovery that has been propounded upon him, caused the defendant to move for an order compelling the plaintiff to respond, or suffer the imposition of sanctions upon further motion. (Doc. 38.)

Upon consideration of the motion, the extended dormancy of this litigation, and the failure of the plaintiff to comply with the Court's orders and with discovery

4

requests, we entered an order directing the plaintiff to show cause on or before Friday, April 12, 2013, why the motion to compel should not be granted for his failure to respond to the unanswered discovery requests that have been served upon him. We also scheduled an in-person conference with defendant's counsel and the plaintiff in order to address the case-management of this action going forward. That conference was scheduled to be held on May 1, 2013.[1]

In response to this order, on April 12, 2013, the plaintiff filed a motion for extension of time to find counsel willing to represent him in this litigation, and for an extension of time to respond to the long outstanding interrogatories based on the plaintiff's representation that "most of these interrogatories are beyond the scope of [his] legal knowledge." (Doc. 42.) The defendant opposed the motion the same day. (Doc. 43.)

Upon consideration, we granted the plaintiff's motion, in part, and directed him to furnish answers to the interrogatories by Tuesday, April 30, 2013, regardless of whether or not he had retained counsel. In this way, we also granted the defendant's pending motion to compel the plaintiff to respond. We reviewed the interrogatories that the defendant propounded upon the plaintiff – and which had by that time gone

---

[1] The conference was originally scheduled to be held on Monday, April 29, 2013, at 1:30 p.m., but the date and time was subsequently changed at the request of defendant's counsel. (Doc. 41.)

unanswered for months – and found that they did not require specialized legal training to answer, as they sought straightforward factual information. The plaintiff was, therefore, directed to answer the interrogatories in accordance with the order; although we also ruled that if the plaintiff was able to find counsel to represent him, and if counsel requested leave to supplement the plaintiff's initial answers to the interrogatories, counsel would be permitted to seek such relief at that time.

We also ruled that to the extent the plaintiff was seeking to postpone the May 1, 2013, in-person conference scheduled in the case, the motion was denied. In denying such request, we observed that the litigation had by that time been languishing for months, and we found that further delays were unwarranted and inappropriate.

Accordingly, in our order issued on April 19, 2013, we instructed the parties as follows:

1. On or before **Tuesday, April 30, 2013**, the plaintiff shall respond to the defendant's outstanding interrogatories. If the plaintiff subsequently retains counsel to represent him, such counsel may seek leave to supplement the interrogatory answers if they deem it necessary or appropriate to do so.

2. The **in-person** case-management conference scheduled to take place on **Wednesday, May 1, 2013, at 1:00 p.m.**, will go forward as previously scheduled . The conference will be held at the United States Federal Courthouse, 228 Walnut Street, Harrisburg, Pennsylvania, 11th Floor,

> Courtroom No. 5. The plaintiff and counsel for the defendant shall appear in person for this conference.
>
> 3. The plaintiff is specifically placed on notice that failure to comply with the terms of this order may result in the imposition of sanctions including, without limitation, the dismissal of the plaintiff's claims.

(Doc. 44.)

In accordance with our order, we convened an in-person conference with the parties on May 1, 2013. During this conference, the Court addressed questions and concerns raised by the plaintiff, in particular about his professed inability to find replacement counsel and to obtain certain legal files that he represented his former counsel had retained in his possession. The Court explained to the plaintiff that if he continued to experience difficulty in obtaining his legal files from former counsel, he could seek the Court's assistance in that effort. In addition, we explained to the plaintiff that as a *pro se* litigant, he had certain rights and obligations, including the right to conduct discovery, and the obligation to comply with Court orders, responding to discovery from the defendant, and to comply with the Court's local rules. The plaintiff indicated to the Court that he understood these instructions.

In an effort to make this process clear for the plaintiff, we took care to explain the various phases of the litigation process with the plaintiff, and we invited the plaintiff to ask questions that me might have regarding federal practice and his rights

7

and obligations as a litigant. Additionally, we advised the parties that we would revise the case management schedule to permit an additional 90 days of discovery – instead of the 60 days requested by defense counsel – in order to give the plaintiff every reasonable opportunity to obtain his legal files, continue his efforts to engage new counsel, participate in discovery, and cause the litigation to be moved forward after a lengthy period of inactivity.

Following this conference, on May 3, 2013, and in accordance with the instructions we had given to the parties on May 1, the Court issued a Second Revised Case Management Order. (Doc. 46.) In that order, we instructed the parties that fact discovery would close on August 2, 2013. (Id.)

Between the May 1, 2013 conference with the parties and August 1, 2013, we had no communication from the parties in this case. On Monday, August 1, 2013, the Court received the plaintiff's one-page request for a further, unspecified, enlargement of the discovery period. In support of this belated request, the plaintiff represents that he has been unable to obtain his files from his former lawyer, and he requests that the motion be construed as a request for a Court order directing former counsel to produce the plaintiff's files and "related documents". (Doc. 47.) The plaintiff in no way explains what efforts he has undertaken since May in order to secure his legal

materials, or what steps, if any, he has taken to move this case forward – as he was instructed to do three months ago.

The defendant promptly responded to the motion, filing a brief opposing it on the same day it was filed. (Doc. 48.) In his brief, the defendant represents that the plaintiff has served no discovery requests since May 1, 2013. (Id. at 3.) Additionally, the defendant charges that the plaintiff has failed to answer the defendant's interrogatories, and has not otherwise responded in any fashion to the defendant's other written discovery requests. Counsel for the defendant represents that the plaintiff has not communicated with her in any way since the May 1st conference, and has never informed her of any continued difficulty regarding his former counsel. Instead, the day before an already enlarged discovery period was set to close in a case that has languished for more than two years, the plaintiff filed a generic request for a further extension of the discovery deadline.

The defendant opposes any further request. We agree that the plaintiff has not shown good cause for his request, and in fact his motion reflects the fact that he has ignored the Court's admonishment that he exercise diligence in working to move this case forward, and to comply with his obligations as a litigant in federal court. Further continuance of the discovery deadlines is, therefore, unwarranted, and would present manifest unfairness to the defendant, who more than two years ago was haled into

9

federal court on a legal malpractice charge that has lingered without resolution or meaningful action. The motion will be denied.

## III. DISCUSSION

A district court presiding over a federal civil action is vested with broad discretion in ruling on discovery matters. Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1032 (3d Cir. 1997); In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("Appellants have a heavy burden to bear . . . as matters of docket control and conduct of discovery are committed to the sound discretion of the trial court."). In order to show an abuse of discretion by a court that denies a request for discovery, the requesting party must show that the court's ruling "'made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.'" Id. (quoting In re Fine Paper Antitrust Litig., 685 F.2d 810, 818 (3d Cir. 1982)). Under this standard, an appellate court "will not interfere with a trial court's control of its docket 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.'" In re Fine Paper Antitrust Litig., 685 F.2d at 817 (quoting Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096, 1105 (5th Cir. 1972)).

In the plaintiff's motion, and indeed throughout this litigation, it is evident that the plaintiff simply has not carried his "heavy burden" in seeking still more time to conduct discovery in this case.

In the Second Revised Case Management Order, the parties were expressly advised that any further request to enlarge the discovery period would need to be made 30 days prior to the expiration of the already extended discovery cutoff. (Doc. 46, at 1-2.) The Court did not receive the plaintiff's motion requesting a further extension until Monday, August 1, 2013 – one day before discovery was set to close. Thus, as a threshold matter, the plaintiff's motion is untimely.

But aside from this issue of timeliness, and of greater importance, the Second Revised Case Management Order expressly provided that motions to extend the discovery deadline "will be granted only on a showing of good cause." (Id., at 2.) At this point in the litigation, after many months have gone by with no apparent effort on the plaintiff's part to comply with Court orders or otherwise litigate his claims, and months after this Court expressly addressed with the plaintiff during an in-person conference the importance of exercising diligence in this litigation, the plaintiff's current motion actually reveals an absence of good cause.

The only reason the plaintiff gives for needing yet another enlargement of time to complete discovery in this case is that he has been "unable to attain our full files

11

from Matthew Zeigler, the former attorney who also represented" the plaintiff until he was given leave to withdraw in November 2012. (Doc. 47.) Yet, the plaintiff does not represent what steps he has taken, if any, to retrieve these legal files. This omission is particularly glaring in this case, because we addressed this very issue with the plaintiff during the case management conference in May of this year. The plaintiff's failure to indicate whether he has undertaken any efforts to obtain his legal materials, or what those efforts may have been, is at this point telling, and the absence of any explanation from the plaintiff undermines his request.

Aside from what the motion does not say, the Court is constrained to observe that during the May 2013 conference, we took pains to explain to the plaintiff how he could go about enlisting the Court's assistance if he continued to experience difficulty in retrieving his legal files from his former counsel. As the defendant correctly notes, we discussed with the plaintiff the whereabouts of the plaintiff's former counsel, and the ways that he might be reached. In spite of these discussions, and the emphasis we placed on the importance of working diligently to move this litigation forward, the plaintiff has never contacted the Court for assistance, or explained that he was having trouble reaching his former lawyer. Thus, whereas the plaintiff has never come to the Court for assistance, despite being invited to do so, the plaintiff has instead filed an undetailed motion seeking another extension of

discovery, and he has filed this motion on the eve of the discovery period's expiration. Although the plaintiff now suggests that his motion should also be construed as a request for the Court's services in compelling former counsel to produce the plaintiff's legal files, the dilatory nature of the plaintiff's request does not demonstrate that he has proceeded in good faith.

Furthermore, and wholly aside from any purported difficulty the plaintiff has had with his former lawyer, the plaintiff has simply failed to do anything to litigate this case despite being reminded, repeatedly, of the importance of doing so. Thus, during the May conference, we discussed with the plaintiff the process for conducting discovery, and we explained to the plaintiff that he had the right to conduct his own written and oral discovery in this case. In spite of this, it now appears that the plaintiff has never served any written discovery requests upon the defendant. Moreover, he has wholly failed to respond to outstanding discovery from the defendant – discovery that was served on the plaintiff in January 2013. This total failure to engage in the discovery process also undermines the plaintiff's belated request to extend this discovery period for some additional period of time.

In April, we observed that "[t]his litigation has been languishing for months, and further delays are unwarranted and inappropriate." (Doc. 44, at 5.) In spite of this clear admonition, it is now clear that an additional four months have slipped by,

without any progress being made in this litigation. At bottom, it is the plaintiff's obligation to move his own case forward and develop his claims against the defendant, but he has simply not done so despite being given every reasonable opportunity to do so, including a prior enlargement of the discovery period – a period during which it is now clear that the plaintiff has taken no meaningful steps to comply with his obligations as a litigant.

In summary, we find that there is no good basis to grant a further enlargement of the discovery period in this case. This case has languished, and continues to languish, despite the defendant's efforts to work with the plaintiff, and despite the Court's efforts to balance the importance of moving this case forward while at the same time being mindful of the plaintiff's circumstances as a *pro se* litigant. But in spite of these efforts, and despite our unambiguous instructions to the plaintiff, this case has continued to lay fallow. It is now time for these repeated delays to be brought to a close.[2]

---

[2] It is also worth noting that the defendant in this case has an interest in having the claims brought against him resolved, and resolved in a timely fashion. The Mr. Weiss has now remained named as a defendant in a civil lawsuit that has been pending for more than two years with no meaningful activity. Further delays in the resolution of these claims would, at this point, be prejudicial to the defendant.

Accordingly, finding no good cause to grant a further extension of the discovery period in this case over the defendant's well-placed objection, IT IS HEREBY ORDERED THAT the plaintiff's motion (Doc. 47.) is DENIED.

                                    ***/s/ Martin C. Carlson***
                                    Martin C. Carlson
                                    United States Magistrate Judge

Dated:       August 5, 2013